## THOMAS *vs.* HARDING *& al.*

Four defendants were sued as copartners, and served with notice to produce the written agreement of their association; and three of them having been defaulted, the other appeared, denying the copartnership. And the agreement not being produced, it was held that the plaintiff might give parol evidence of its contents, having first proved that it was seen in the hands of one of the other defendants, and that the party appearing acknowledged that he signed it.

Where one was constituted agent of the owners of a paper mill, to "make sale of the paper and collect stock"; and he purchased a bale of cloth on credit, intending to sell it at a profit for the common benefit, in exchange for paper-rags; for which he gave a promissory note in the name of the company; it was held that such purchase was not within the scope of his authority; and that the owners were not bound.

The declarations of the agent in such case are not admissible to prove that the cloth was applied to the use of the company, in order to charge the others as joint promissors with himself.

THIS case came up by exceptions taken to the opinion of *Ruggles J.* in the Court below. The action was *assumpsit* on a promissory note, dated *May* 27, 1830, payable to the plaintiff, and signed by "*Swan, Woodcock & Co.*" The defendants, *Swan, Woodcock* and *Pierce,* were defaulted. *Harding,* the other defendant, appeared and pleaded that he never promised with them; on which issue was joined.

It appeared that the defendants had been served with regular notice to produce at the trial any and every written agreement between them to carry on business for the purpose of making paper, or for any other purpose; and that in *August* 1830, the defendant, *Pierce,* showed to a witness a paper signed by all the defendants, respecting an arrangement for carrying on a paper mill with economy, until they should alter it or adopt some other. The plaintiff then proposed to prove the contents of this paper by the witness; to which the defendant, *Harding,* objected, until the paper were first proved to have been lost, or to be within his control. But the Judge overruled the objection; and the witness stated the contents

to be in substance these : that *Woodcock* should be foreman, and keep the books; and receive one dollar and twenty five cents a day, boarding himself; that *Swan* should be employed in the mill at one dollar a day, and board himself; that *Pierce* should make sale of the paper and collect stock, at the same wages, and his expenses be paid; and that one *Barrett* was to act as engineer, at eighteen dollars a month, for three months.

It further appeared that the note was given by *Pierce* for a bale of factory cloth ; that the stock for a paper mill is rags ; but that factory cloth is a suitable article to barter for such stock. Mr. *Harding* is an attorney of this court, dwelling upwards of twenty miles from the paper mill.

The witness, by permission of the Judge, who overruled the defendant's objection to the evidence, further testified that *Pierce*, at the time of showing him the paper, stated that the cloth for which the note was given went to the use of " the concern." He also testified that on the following day he stated to the defendant, *Harding*, the contents of the paper, and what *Pierce* had told him ; and that *Harding* did not deny having signed the paper, but said it did not make him answerable as a partner ; and that he knew nothing of the cloth, nor whether it went to the use of the concern, or not. Hereupon the jury were instructed that *Harding* was to be regarded as a partner, and liable for the payment of the note ; provided they were satisfied that the cloth went to the use of the concern; and that on that point they would consider *Pierce's* declarations as evidence against the defendants. And the verdict being for the plaintiff, the defendant, *Harding*, excepted to the admission of parol evidence of the contents of the paper, and of *Pierce's* declarations respecting the cloth ; and to the instructions given to the jury.

*Harding, pro se*, to the inadmissibility of *Pierce*, or any parol evidence of the contents of the paper, cited 10 *Mass.* 332 ; *Storer v. Batson*, 8 *Mass.* 440 ; *Tuttle v. Cook*, 5 *Pick.* 414 ; *Robbins v. Willard*, 6 *Pick.* 464 ; 4 *Johns.* 250 ; *Whitney v. Sterling*, 14 *Johns.* 215 ; *Gow on Partn.* 210. And that in purchasing cloth he had exceeded his authority. *Gow on Partn.* 25, 26, 27. He

also contended that the evidence, if admitted, did not prove a partnership ; but was merely a mode of ascertaining how each man should be paid for his services, and what services he should perform.

*Allen,* for the plaintiff, cited *Doak v. Swan & al.* decided in *Waldo, July* term, 1831, to the effect of the writing, as proving a partnership ; and *U. States Bank v. Binney,* 5 *Mason,* 188, to its admissibility. And he contended that it constituted *Pierce* the general agent of the company for the procurement of stock ; 3 *Stark. Ev.* 1073, 1074 ; *Martin v. Root,* 17 *Mass.* 227 ; *Wood v. Braddick,* 1 *Taunt.* 104 ; and that the mode adopted in this case, by barter of cloth for rags, was advantageous to the company, and within the scope of his authority. *Emerson v. Providence Hat Man. Co.* 12 *Mass.* 237 ; *Odiorne v. Maxcy,* 13 *Mass.* 178 ; 15 *Mass.* 339.

MELLEN C. J. delivered the opinion of the Court at the ensuing *July* term in *Waldo.*

Three of the defendants having been defaulted, the only question is whether *Harding* is chargeable as a joint debtor with them. If not, the declaration is not proved, nor the action maintained. The defendant, *Harding,* denies that a partnership existed between him and the other defendants. To show the partnership, the plaintiff was permitted to prove the contents of an agreement entered into by all the four defendants ; notice having been previously given to them to produce the same on trial ; which, however, was not done. The witness who testified to the contents of the agreement which was in the hands of *Pierce,* states that on the next day he saw *Harding* and communicated to him what the contents were, and that *Harding* did not deny his having signed the same. This circumstance, taken in connexion with the notice to produce the agreement, justified the admission of the proof of the contents of the paper, by the testimony of the witness who examined it. This disposes of the defendant's first objection. The second objection is that the contract or agreement, thus proved, does not constitute a

partnership. In the case of *Doak v. Swan*, cited at the bar, this same contract was under our consideration, and we then decided that it did constitute a partnership ; and we see no reason for any change of opinion on that point.

The other objections depend, for their decision, upon the nature and extent of the partnership, which is proved by the plaintiff to have been formed for the purpose of carrying on a paper mill. For the sake of doing so as economically as they could, certain duties were assigned to each one of the parties, except *Harding*. The duty assigned to *Pierce* was " to make sale of the paper and collect stock ;" which, the exceptions state, consists of rags. The note in question was signed by *Pierce*, with the name of the firm ; but it was not given for rags or stock, but for a bale of factory cloth. It is contended that this was not a material suitable for the business of the partnership ; and that it had no more connexion with it than the purchase of sugar, coffee or tin ware ; either of which articles might have been exchanged for rags, as well as factory cloth. There seems to be no dispute as to the principles established or recognized in the cases cited by the respective counsel ; but they differ in their application of them in the present case.

There is no question that in cases of partnership, the power of each partner to bind the firm, is confined to the general scope of the partnership and the business, for the prosecution of which, it was formed ; to this extent each member of the firm is considered as the lawful agent of the firm. All the authorities cited by the plaintiff's counsel proceed upon or recognize this doctrine. The limitation above mentioned is always carefully noticed. From the language of the contract, in relation to the duty assigned to *Pierce*, it would seem plain that the intention was that the stock or rags were to be collected either by an exchange of paper, or by funds produced by the sale of paper. In this mode the partnership business would be aided and advanced. As has been contended, the purchase of bales of factory cloth has no more connexion with the art and mystery of paper making and an establishment for the prosecution of that kind of business, than the purchase of any other sale-

able articles.  Besides by procuring stock by disposing of paper, as mentioned in the contract, a purchase on credit would be unnecessary.  But it is contended that none of the foregoing objections ought to avail the defendants, because the factory cloth went to the use of the concern, and the jury under the direction of the court have found that fact.  The admission of the evidence on which the instruction of the Judge was conditionally predicated, was objected to at the trial ; and its admission is one of the grounds of exception.  The only evidence of the above fact is derived from the declarations of *Pierce* to the witness.  They derive no legal character from the circumstance that the witness on the next day stated them to *Harding ;* for he, so far from admitting their truth, said he knew nothing about the cloth, whether it went to the use of the company or not.  The question then is whether those declarations were properly admitted to prove that the cloth did go to the use of the partnership concern.  It is undisputed law, that in an action where two or more are jointly sued as copartners, as in the present case, the confessions of either cannot be admitted to prove the partnership.  His confessions are only good against himself, but not against the other defendants.  But when the asserted partnership has been proved, then the confessions of one, in relation to the partnership concerns, are legal evidence.  The counsel for the plaintiff contends that the purchase of the cloth was a partnership concern, and within the scope of the business of the firm ; and that if it was not, still it was appropriated to the use of the concern.  The fallacy of the argument is, that it is wholly predicated on an assumed fact ; and the consequence is that it proceeds in a circle.  The counsel assumes the fact which he wishes to prove by *Pierce's* declarations, and then contends that, such being the fact, the declarations of *Pierce* are legal evidence to prove the fact.  The language of the Judge in his instructions is this : " provided they were satisfied that the cloth went to the use of the concern, *Harding* was to be regarded as a partner, and liable for the payment of said note ; and on that point they would consider *Pierce's* declarations as evidence against the defendants."  Our opinion is that the foregoing

instruction was incorrect. Accordingly the exceptions are sustained, the verdict set aside, and a new trial granted, to be had at the bar of this court.